**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2000**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

BRET S. KLEIN,

      Plaintiff-Appellant,

v.

STEVE MCCLAURY; ANTHONY CAROCHI;
CHRIS BARR; NANCY MICHAELS; KATIE
BAXTER; GARY BARDESSONA; STEVE
ROSSI; JANELLE GIGANTI; JOE PAOLINO,
in their official capacities,

      Defendants-Appellees.

No. 00-1065
(D.C. No. 99-Z-1692)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor appellant's request for a decision on the briefs without oral

argument. *See* FED. R. APP. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Bret S. Klein, a pro se prisoner, brought this civil rights complaint under 42 U.S.C. §§ 1983, 1985, 1988, and Colorado law. Mr. Klein sought, inter alia, compensatory and punitive damages, and an injunction requiring that prison disciplinary proceedings against him be expunged from his file. The district court dismissed without prejudice the claims based on Mr. Klein's disciplinary proceedings. The court concluded that Mr. Klein's allegations of violations of his rights to free speech, access to the courts, due process, equal protection, and to freedom from cruel and unusual punishment were without merit and dismissed them as frivolous. [1] Mr. Klein appeals and we affirm.

We turn first to the district court's disposition of the claims based on the prison disciplinary sanctions. Mr. Klein was allegedly the subject of two disciplinary proceedings that resulted in cumulative sanctions of twenty-five days of punitive segregation and the loss of thirty-five days of good time. On appeal, Mr. Klein contends he did not receive proper notice, his hearing officer was biased, no defense witnesses were allowed, and no credible evidence of guilt was introduced. He asserts that the proceedings were instituted to discourage him

---

[1] Mr. Klein filed a Rule 59(e) motion to reconsider, which was timely under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The district court initially denied the motion as untimely but subsequently recognized the error and addressed the motion to reconsider on the merits. *See* Rec., doc. 17 at 2.

from exercising his right of access to the courts, and in retaliation for his exercise of that right and for helping other inmates obtain access to the courts.

The district court concluded that to the extent Mr. Klein sought to overturn the loss of good time credits, he was required to exhaust state remedies and bring a habeas action, and to the extent he sought damages for constitutional violations occurring in those proceedings, relief was barred by *Edwards v. Balisok*, 520 U.S. 641 (1997), because the underlying sanctions had not been invalidated. Mr. Klein responds that because he is serving two consecutive life sentences he does not get good time credits, and that the district court erred both in directing him to pursue a habeas claim and in applying *Edwards* to bar his attempt to receive monetary relief. We disagree and conclude that the claims were properly dismissed, albeit on slightly different reasoning than that employed by the district court.

Assuming that Mr. Klein is correct in contending he is not entitled to earn good time credits and that the disciplinary sanctions therefore did not affect the length of his confinement, his claim is still without merit under *Sandin v. Conner*, 515 U.S. 472 (1995). There the Supreme Court held that the imposition of thirty days disciplinary segregation that did not of itself inevitably affect the duration of the claimant's sentence did not implicate a liberty interest entitled to procedural due process protection. *See id.* at 485-87. Accordingly, Mr. Klein's claim that the disciplinary proceedings were procedurally deficient in several regards is

without merit because he had no liberty interest subject to due process requirements. [2]

Mr. Klein also claims that the disciplinary proceedings resulted in the denial of his access to the courts. We agree with the district court that Mr. Klein's factual allegations, taken as true, do not demonstrate that defendants' actions prevented him from pursuing a nonfrivolous legal claim in an initial pleading. *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). In view of Mr. Klein's assertion that he is a certified legal assistant/paralegal, his allegation that he was prevented from corresponding with an attorney about a case he wished to join does not establish he was prevented from pursuing an action on his own behalf.

Mr. Klein contends he was deprived of property without due process when some of his personal items disappeared after they were packed up by prison

---

[2] We would not reach a different result if the loss of good time credits did in fact affect the length of Mr. Klein's confinement. The Supreme Court in *Edwards v. Balisok*, 520 U.S. 641 (1997), held that a prisoner seeking damages for due process violations in disciplinary proceedings and whose claims "if established, necessarily imply the invalidity of the deprivation of his good-time credits," *id.* at 646, is not cognizable under section 1983 unless the prisoner can demonstrate the sanction has previously been invalidated, *id.* at 643. The Court specifically held that allegations of bias on the part of the hearing officer would necessarily imply the invalidity of the deprivation of good-time credits. *See id.* at 645. Mr. Klein has asserted such a claim of bias here and has made no showing that the sanctions have been invalidated. His claim thus would be barred under *Edwards* if good time credits were in fact at issue. *See Klein v. Coblentz*, 132 F.3d 42, 1997 WL 767538 **4 (10th Cir., filed Nov. 19, 1997) (unpublished).

officials for storage during his placement in disciplinary segregation. The district court held that any deprivation was not unconstitutional because the prison provides a three-step grievance procedure to prisoners seeking recovery for missing property. Although Mr. Klein's resort to this process was unsuccessful, the court held this fact alone did not establish that the procedure failed to provide a meaningful remedy. On appeal, Mr. Klein contends the decision made at step three of his grievance was factually incorrect and the grievance procedure was therefore not an adequate remedy. Mr. Klein has not, however, made any assertion or showing that the grievance procedures themselves were constitutionally inadequate and his claim was therefore properly dismissed. [3]

Mr. Klein claimed that prison officials retaliated against him for exercising his free speech rights by drafting a motion for another inmate. The district court dismissed this claim as without merit due to Mr. Klein's failure to allege any facts to support it. On appeal, Mr. Klein concedes that he has no constitutionally protected right to assist other inmates, but contends that he was subjected to retaliatory punishment for what he said in the motion. He also contends that the

---

[3] As Mr. Klein points out, Colorado no longer waives sovereign immunity for tort claims brought by convicted prisoners. *See* COLO. REV. STAT. § 24-10-106(1.5)(b) (1999). Nonetheless, the Supreme Court has indicated that adequate inmate grievance procedures alone may provide a meaningful postdeprivation remedy for purposes of procedural due process. *See Hudson v. Palmer*, 468 U.S. 517, 536 n.15 (1984).

district court erred in denying him an opportunity to amend his complaint. We have examined Mr. Klein's original complaint and his proposed amended complaint and we agree with the district court that Mr. Klein has offered only bare conclusory allegations in support of this claim. Even under the liberal pleading standards applied to pro se litigants, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, this claim was properly dismissed.

Mr. Klein contends he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. This claim is apparently based on a report prepared by a prison official about an inmate altercation. Mr. Klein was not involved in the incident but was interviewed by the official. Mr. Klein alleged that the official did not accurately set out Mr. Klein's statement and that as a result he was beaten by other inmates who believed him to be a "snitch." The district court dismissed this claim for lack of any allegation that defendants acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Neither Mr. Klein's complaint nor his proposed amended complaint contain any factual allegations to support a claim that defendants acted with the requisite mental state. Accordingly, we affirm the

dismissal of this claim as frivolous. [4]

We **AFFIRM** the district court's dismissal of these claims. We remind Mr. Klein that he is obligated to continue making partial payments until the entire fee has been paid.

ENTERED FOR THE COURT

Stephanie K. Seymour, Chief Judge

---

[4] In view of our disposition on appeal of Mr. Klein's claims, we need not address his argument that the district court erred in dismissing his claims under 42 U.S.C. § 1985(2) and state law, his motion to file an amended complaint, or his request that the matter be assigned to another judge on remand.