**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-30508
_____


MICHAEL EDGE,

                            Petitioner-Appellant,,

versus

RICHARD L. STADLER, Secretary,
Department of Public Safety;
PEGGY LANDRY, Chairman,
Louisiana Board of Parole;
LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; LOUISIANA BOARD OF PAROLE,

                            Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
99-CV-896
December 1, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael Edge, Louisiana prisoner # 112074, filed a § 1983 claim challenging the

constitutionality of La. Rev. Stat. Ann. § 15:571.5, which provides that prisoners released after

diminution of sentence for good behavior are treated as if released on parole. The district court

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

construed this complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and denied the application without prejudice for failure to exhaust state remedies. The court denied Edge a certificate of appealability (COA).

We agree with the district court's characterization of Edge's complaint as a habeas petition. Habeas petitions are the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Further, habeas petitions must be used where the challenge, if successful, would "necessarily imply the invalidity of the punishment imposed." *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). In *Heck*, the Court offered a test for when the complaint must be presented in the form of a habeas application)) when the direct or indirect effect of granting relief would be to invalidate the sentence being served, habeas corpus is the exclusive remedy.

Here, Edge is seeking a review of the constitutionality of the Louisiana statue that treats prisoners released because of diminution of sentence for good behavior as if they had been released on parole. If successful, he would be liberated from these parole conditions)) in effect, that portion of his 36 month conviction which has been converted into parole would be invalidated. Accordingly, he must proceed with a habeas corpus petition.

28 U.S.C. § 2241(d) requires habeas petitioners in states with more than one federal district to file their petitions in the district court in which the petitioner is in custody or the district court for the district in which the petitioner was convicted and sentenced. Edge has not alleged where he was convicted, but at the time when his complaint was filed, he was incarcerated in the Detention Center in East Carroll Parish, located in the Western District of Louisiana. We therefore remand to the

district court to determine whether it had jurisdiction to hear Edge's habeas petition, and if not, to vacate its judgment and transfer the matter to the Western District.

Accordingly, we REMAND with instructions to ascertain the district court's jurisdiction. Edge's motions for an expedited appeal and a preliminary injunction pending appeal are DENIED as moot.