**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| JESSE THOMAS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF KANSAS, Bill Graves, Governor; CHARLES E. SIMMONS, KS Dept. of Corrections, Secretary; WILLIAM L. CUMMINGS, Deputy Secretary of Corrections, KS Dept. of Corrections; MIKE NELSON, Warden, El Dorado Corrections Facility; KENNETH LUMAN, Deputy Warden of Operations, El Dorado Correctional Facility; (FNU) JOHNSON, Sgt., Disciplinary Administrator, El Dorado Correctional Facility, <br><br> Defendants - Appellees. | No. 01-3262 <br> (D.C. No. 01-CV-3219-GTV) <br> (D. Kansas) |

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

---

 [*]  The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jesse Thomas, a Kansas state prisoner incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, brings this pro se appeal of the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

During the course of Thomas' incarceration he was required to provide a hair sample to correctional officials for drug testing. Thomas initially refused to provide the officials with a hair sample, stating that the request violated his constitutional rights. According to Thomas, after the officials informed him that the sample would be taken from him by force if he refused to comply, he consented and allowed the officials to take a hair sample, which tested positive for cocaine. On or about March 14, 2001, Thomas was issued a disciplinary report for the use of stimulants, and his punishment included the loss of six months of good-time credits.

Thomas filed this 42 U.S.C. § 1983 suit alleging the correctional officials violated his Fourth, Fifth, and Eighth Amendment rights when they requested a hair sample. He seeks various forms of declaratory and injunctive relief and damages. The district court dismissed this action for two reasons. First, to the extent that Thomas is challenging the substantive validity of the disciplinary finding and is seeking the restoration of the good-time credits, he must present his claim in a habeas corpus action. Prieiser v. Rodriguez, 411 U.S. 475, 488–90

(1973). Second, Thomas' request for damages based on the disciplinary proceeding is premature under <u>Heck v. Humphrey</u> because he has not shown that the results of the disciplinary proceeding have been invalidated. 512 U.S. 477, 486–87 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641, 646–47 (1997) (applying <u>Heck</u>'s rationale to prison disciplinary proceedings used to deny prisoners good-time credits).

Upon careful consideration of the record, the briefs, the district court's order, and applicable law, we conclude that the district court correctly disposed of the issues raised in this case. Therefore, for substantially the reasons stated in the district court's order of August 1, 2001, the case is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge