**Robert SPRUILL, Appellant,**

v.

**Fredric ROSEMEYER, Warden, SCI Laurel Highlands, in his individual capacity; David Pitkins, Deputy Warden for Centralized Services, in his individual capacity; James Henderson, Deputy Warden, in his individual capacity; D.W. Myers, Correctional Officer, SCI Laurel Highlands, in his individual capacity; Duane Anderson, Corrections Officer, SCI Laurel Highlands, in his individual capacity; John Paul, Pennsylvania Department of Corrections, in his individual capacity; John Doe, Pennsylvania Department of Corrections, in his individual capacity; Kerri Cross, Pennsylvania Department of Corrections, Hearing Examiner, in her individual capacity; Robert Bitner, Pennsylvania Department of Corrections, Chief Hearing Examiner, in his individual capacity.**

No. 00–1505.

United States Court of Appeals, Third Circuit.

Submitted May 7, 2002.

Decided May 28, 2002.

Before NYGAARD, ALITO, and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, the background of the case is not set out. The District Court held that the prisoner's § 1983 claims should be dismissed pursuant to the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Prior to our disposition of this appeal, another panel of this Court decided *Leamer v. Fauver*, 288 F.3d 532 (3d Cir.2002), holding that *Balisok* does not require the dismissal of a prisoner's 42 U.S.C. § 1983 claim challenging prison conditions. *See Leamer*, 288 F.3d at ——— ———, slip op. at 11–17. The decision in *Leamer* binds us and controls the disposition of this case.

There are no material differences for purposes of this appeal between the appellant's claims—that prison officials wrongfully disciplined him by placing him in segregated custody for one month and transferring him to a higher security prison in retaliation for exercising his First Amendment rights—and the claims in *Leamer*. The appellant challenges only the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas corpus action. The judgment of the District Court is therefore REVERSED and the case is remanded for further proceedings.