**Clarence Alonzo HINTON,
Plaintiff–Appellant,**

v.

**Gordon HANSEN, RUO # 272;  et al., Defendants–Appellees.**

No. 9201447.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2002.

326

Before MARTIN, Chief Judge; MOORE, Circuit Judge; WISEMAN, District Judge.*

Clarence Alonzo Hinton appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hinton alleged that the defendants had violated his constitutional rights while he was incarcerated in a Michigan state prison. He primarily alleged that he had been assaulted by several prison guards in 1999. The district court adopted a magistrate judge's recommendation and awarded summary judgment to the defendants on March 15, 2002. Hinton's motion for reconsideration was denied and he now appeals, moving for the appointment of counsel on appeal.

We review an award of summary judgment de novo. Moore v. Holbrook, 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

In the instant case, Hinton's claims are plainly based on his allegation that the defendants had attacked him without provocation and that he had not resisted or fought against them. However, Hinton was charged with two misconduct violations for assault and battery, based on allegations that he had knocked defendant Thurlby backwards and had kicked defendant Hansen in the chest during the incident. He was found guilty of both charges and sanctioned with sixty days of detention.

The district court properly found that Hinton could not relitigate the primary issues of provocation and resistance, as he had been convicted of misconduct violations for assaulting defendants Thurlby and Hansen. Therefore, the court properly dismissed Hinton's civil rights case because a favorable ruling on his claims would undermine the validity of his misconduct convictions and because he had not shown that these convictions were overturned by an appropriate tribunal. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); Huey v. Stine, 230 F.3d 226, 230–31 (6th Cir.2000). We have considered the argu-

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

ments in Hinton's current brief, but they do not raise any persuasive challenge to the district court's rationale for dismissing his case.

Accordingly, Hinton's motion for the appointment of counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.