**Ronrico DENHAM, Plaintiff–Appellant,**

v.

**P. SHROAD; J. Herald; R. Pierce; K. Lemke; J. Wihlfert; J. Mulnix; M. Gardner, Defendants–Appellees.**

**No. 02–1821.**

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Ronrico Denham, a Michigan prisoner proceeding pro se, moves for counsel and appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P 34(a).

In his complaint, Denham sues Ionia Maximum Correctional Facility Resident Unit Officers Phil Shroad. Kendall Lemke, and Joseph Wilhlfert. Corrections Officers J. Herald and Jeremiah Mulnix Sergeant Richard Pierce, and Nurse Monica Gardner claiming that defendants Shroad, Herald. Lemke, Wilhlfert, and Mulnix assaulted him without provocation on February 2, 2001, and used excessive force against him all in violation of his Eighth Amendment rights against cruel and unusual punishment.

The defendants filed a motion for summary judgment arguing that Denham's Eighth Amendment claim arising from the alleged assault on February 2, 2001, calls into question the validity of Denham's major misconduct conviction for assault and battery and insolence arising from the same incident, and, thus, is barred by the doctrine announced in *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court agreed with the defendants and granted summary judgment in an opinion filed June 12, 2002. This timely appeal followed.

Upon review, we conclude that the district court properly granted summary judgment for defendants on Denham's Eighth Amendment claim: This court reviews de novo a district court order granting summary judgment. *See Peck v. Bridgeport Machs., Inc.,* 237 F.3d 614, 617 (6th Cir.2001). Since granting Denham his requested relief would call into question the validity of his disciplinary conviction, his Eighth Amendment claim is not cognizable under § 1983. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine,* 230 F.3d 226, 230–31 (6th Cir.2000). Because a favorable ruling on Denham's Eighth Amendment claim would imply the invalidity of his disciplinary conviction, this claim is not cognizable. *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey,* 230 F.3d at 230.

Accordingly, the motion for counsel is denied, and the district court's judgment is

affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.