United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30909
Conference Calendar

MCARTHUR JOHNSON,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; TOMMY MILLER;
GEORGE SAVAGE; R. WILKINSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-1106
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

McArthur Johnson appeals from the dismissal, as frivolous,
of his false imprisonment action under 42 U.S.C. § 1983.
See 28 U.S.C. § 1915(e).  Johnson, who was formerly a Louisiana
prisoner, alleged that after a release date of April 28, 2003,
had been established, he was charged with a disciplinary
violation and was imprisoned for 45 days beyond such date due
to the forfeiture of good-time credits resulting from the

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disciplinary conviction.  Our review is for abuse of discretion. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

The Supreme Court has held that a plaintiff in a 42 U.S.C. § 1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Supreme Court has extended Heck to prison disciplinary proceedings, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. § 1983 proceeding. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

Johnson's assertion that he was falsely imprisoned as a result of the prison disciplinary charge and the loss of good-time credits imposed following his disciplinary conviction, if credited, would necessarily imply that his conviction and sentence for the disciplinary case was invalid, thus affecting the duration of his confinement.  Because Johnson has not shown that the disciplinary case has been overturned, he cannot

maintain a 42 U.S.C. § 1983 action against the defendants for damages.  See Edwards, 520 U.S. at 648; Heck, 512 U.S. at 486-87.

Johnson has failed to show that the district court abused its discretion in dismissing his action under Heck. Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.