David **DONHAUSER**, Plaintiff,

v.

Glenn S. **GOORD**, Commissioner of the New York State Department of Correctional Services; **Martha E. Yourth,** CSW Guidance Specialist; **Dominic Martinelli,** Sex Offender Program Counselor; and S. **Carter,** S.C.C., Oneida Correctional Facility, Defendants.

No. 01–CV–1535.

United States District Court, N.D. New York.

April 15, 2004.

David Donhauser, Oneida Correctional Facility, Rome, Plaintiff, pro se.

Honorable Eliot Spitzer, Attorney General for the State of New York, Albany (Nelson Sheingold, of counsel), for defendants.

## *MEMORANDUM–DECISION and ORDER*

HURD, District Judge.

## I. INTRODUCTION

By Memorandum–Decision and Order dated April 15, 2004 ("April 15th MDO"), defendants' motion to dismiss the second amended complaint pursuant to Fed. R.Civ.P. 12 was denied as to plaintiff's claim that the Sexual Offender Counseling Program ("SOCP") administered at the Oneida Correctional Facility, and its requirement that participants divulge histories of sexual conduct, including acts for which no criminal charges have been brought, violated his Fifth Amendment privilege against self-incrimination, and granted in every other respect. (Docket No. 79.)

On June 19, 2003, plaintiff filed a motion for preliminary and/or injunctive relief pursuant to Fed.R.Civ.P. 65. (Docket Nos. 54, 63.) Defendants opposed. (Docket Nos. 59, 60.) In light of the April 15th MDO, plaintiff's motion for a preliminary injunction must be granted in part.

## II. PRELIMINARY INJUNCTION STANDARD

To prevail on a motion for preliminary injunctive relief, plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992).

## III. DISCUSSION

The facts of this case were adequately laid out in the April 15th MDO, and need not be repeated here. Prior to its issuance, and the Report–Recommendation that preceded it, plaintiff's first motion for preliminary injunctive relief was denied pursuant to *McKune v. Lile,* 536 U.S. 24, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002), and on the grounds that plaintiff had failed to submit any evidence to support his allegations.

Defendants argue that the former comprises the "law of the case" and mandates dismissal of plaintiff's pending motion for preliminary injunctive relief. The Second Circuit has "observed that the law of the case doctrine 'is, at best, a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.'" *Brody v. Vill. of Port Chester,* 345 F.3d 103, 110 (2d Cir.2003) (quoting *United States v. Martinez,* 987 F.2d 920, 923 (2d Cir.1993)). In this case, to the extent the earlier denial of plaintiff's first motion for preliminary injunctive relief can be read to hold that *McKune* precluded his surviving Fifth Amendment claim, it is here clarified to not do so, as set forth extensively in the April 15th MDO, which is endorsed and reiterated herein.

■ With regards to the second ground upon which plaintiff's earlier motion for preliminary injunctive relief was denied—that he had submitted no evidence aside from his own affidavit—it is noted that plaintiff attached to his pending motion several exhibits that support his allegations that he was threatened with a loss of, and did in fact lose, good time credits as a direct and automatic result of his refusal to give up his right to silence and participate in the SOCP. (Docket No. 54, Exs. A–F.) As noted in the April 15th MDO, such evidence, if found persuasive, would give rise to a viable claim under the Fifth Amendment.

■ Defendants' only other substantive argument against the pending motion for preliminary injunctive relief is that, because plaintiff has now actually lost good time credits, instead of merely anticipating the same, his claim cannot be sustained under 42 U.S.C. § 1983 pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). This argument confuses and improperly groups together plaintiff's due process and Fifth Amendment claims. *Heck* and *Edwards* were in fact cited in a Memorandum–Decision and Order in this case, dated October 14, 2003, denying plaintiff's motion to amend the second amended complaint. (Docket No. 70.) In that decision, however, it was noted that "[s]ince [plaintiff] has not alleged that the administrative decision revoking his good time credits has been reversed, *any due process claims* regarding his loss of good time credits would necessarily be barred by *Heck* and *Edwards.*" *Id.* at 3–4 (emphasis added). Thus, the proposed third amended complaint was read to modify plaintiff's due process claim, but not his Fifth Amendment claim, which was directed at the SOCP and its requirements, and which is the only claim that survived the April 15th MDO.

The relief, if appropriate, to restore lost good time credits must await final resolution of the Fifth Amendment claim. Plaintiff is not entitled to a preliminary injunction restoring his lost good time credits.

Therefore, in light of the April 15th MDO, plaintiff is entitled to some preliminary injunctive relief, in the form of an order enjoining defendants from requiring, as part of the SOCP, participants to divulge a history of sexual conduct, including illegal acts for which no criminal charges have been filed.

Accordingly, it is

ORDERED that

1. Plaintiff's motion for a preliminary injunction is GRANTED in part;

2. The defendants and persons acting under their discretion and/or control are enjoined from requiring a prisoner to divulge his or her history of sexual conduct, including illegal acts for which no criminal charges have been filed, in order to be eligible to participate in the Sexual Offender Counseling Program;

3. The motion is DENIED in all other respects.

IT IS SO ORDERED.