David DONHAUSER, Plaintiff–Appellee,

v.

Glenn S. GOORD, Commissioner, New York State Department of Correctional Services, Martha E. Yourth, CSW Guidance Specialist, Dominic Martinelli, Sex Offender Program Counselor, S. Carter, S.C.C., Oneida Correctional Facility, Defendants–Appellants.

Nos. 04–2222pr, 04–2490pr.

United States Court of Appeals, Second Circuit.

March 22, 2006.

Robert Isseks (Alex Smith, on the brief), Middletown, NY, for Plaintiff–Appellee.

Andrea Oser, Assistant Solicitor General, (Caitlin J. Halligan, Solicitor General, and Nancy A Spiegel, Senior Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Defendants–Appellants.

Present: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Appeal from the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 23, 2004 order of the District Court is **VACATED** and the case is **REMANDED** for further proceedings.

The New York State Department of Correctional Services ("DOCS") operates a clinical rehabilitation program for sexual offenders—the Sexual Offenders Counseling Program ("SOCP")—that for treatment purposes requires participants to provide a sexual history, including acts or conduct for which the participant has not been charged. In October 2001, David Donhauser, a sex offender then incarcerated in the Oneida Correctional Facility, brought this § 1983 action alleging, *inter alia*, that various DOCS officials violated his Fifth Amendment right against self-incrimination by threatening him with the automatic denial of good time credits for refusing to participate in SOCP. On April 23, 2004, the District Court issued a system-wide preliminary injunction enjoining Defendants from denying a prisoner good time credits based on a refusal to provide his sexual history so as to be eligible for SOCP. In June 2004, this Court stayed the preliminary injunction pending Defendants' appeal of the District Court's order. We assume the parties familiarity with the facts and the record of the prior proceedings, which we reference only as necessary to explain our decision.

A preliminary injunction enjoining government actions taken in the public interest pursuant to a statutory scheme is warranted where the movant demonstrates (1) irreparable harm absent the injunction and (2) a likelihood of success on the merits. *See Bronx Household of Faith v. Bd. of Educ.*, 331 F.3d 342, 348–49 (2d Cir.2003). We review a district court's grant of a preliminary injunction for an abuse of discretion, *see Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir.2004), finding such where the "district court applies legal standards incorrectly or relies upon clearly erroneous findings of fact." *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 157 (2d Cir.2004) (internal quotation marks omitted).

"Federal Rule of Civil Procedure 52(a) requires that a trial court state its findings and conclusions explicitly when granting or denying a preliminary injunction." *Fair Housing in Huntington Comm. Inc. v. Town of Huntington*, 316 F.3d 357, 364 (2d Cir.2003). In large part because of the lack of clarity in the record before it, the District Court's findings are less than clear with respect to whether the DOCS denies good time credit as an automatic and direct result of a prisoner's refusal to provide the requested sexual history. *See Donhauser v. Goord*, 314 F.Supp.2d 139, 141 (N.D.N.Y.2004) (stating that Plaintiff's evidence, *"if found persuasive*, would give rise to a viable claim under the Fifth Amendment" (emphasis added)). While we have held that only " 'fair compliance' with Rule 52(a)'s requirements" is necessary, *see Town of Huntington*, 316 F.3d at 364, vacatur and remand is appropriate in this instance. As counsel for plaintiff acknowledged at oral argument, and we agree, our review would benefit from further development of the factual record in light of various changes that have occurred since the District Court issued the preliminary injunction almost two years ago. On remand, moreover, the Defendants will have further opportunity to consider whether granting use immunity to prisoners for any information disclosed in the course of the prisoners' participation in SOCP would have the salutary effect of resolving the principal issues in dispute. *See McKune v. Lile*, 536 U.S. 24, 34, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002); *Asherman v. Meachum*, 957 F.2d 978, 986–89 (2d Cir.1992) (en banc) (Cardamone J., dissenting).

For the foregoing reasons, the April 23, 2004 order of the District Court is **VACATED** and the case is **REMANDED.**