**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2460

RICHARD F. KENNEY,

Plaintiff, Appellant,

v.

COMMONWEALTH OF MASSACHUSETTS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Richard F. Kenney on brief pro se.
Thomas F. Reilly, Attorney General, and Susanne G. Reardon,
Assistant Attorney General, on brief for appellees.

September 29, 2004

**Per Curiam**.  We have reviewed the parties' briefs and the record on appeal.  There was neither abuse of discretion nor error of law in the district court's September 4, 2003 order dismissing appellant's § 1983 complaint pursuant to 28 U.S.C. § 1915A.  We affirm.

Contrary to appellant's contention, neither the district court's March 7, 2001 reinstatement of his complaint (after a previous order of dismissal had mistakenly issued) nor this court's order of May 17, 2001 barred the district court's subsequent dismissal under § 1915A.  Neither action constituted a ruling on the sufficiency of the complaint.  And, notwithstanding that the district court had issued some summonses in April 2001, no defendant had, as yet, been served  when the court conducted its § 1915A screening in September 2003.

Moreover, as the district court correctly concluded, appellant's civil rights claim for money damages is foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994).  His request for declaratory relief is barred as well.  See Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck rule to request for declaratory relief under § 1983).  And, his request for injunctive relief (new trial or immediate release), which is effectively relief appropriate only via habeas corpus, fares no

better.  His current claim that his complaint was "an application for writ of habeas corpus using § 1983 as a vehicle" is both newly raised and, ultimately, unavailing.  See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner can not evade habeas requirement of exhaustion of remedies by labeling a petition seeking habeas-type relief as a § 1983 action).

To the extent that appellant's § 1983 action alleged interference with his access to court, appellant's appellate brief mentions only a gauzy allegation that the Massachusetts Supreme Judicial Court improperly refused to remove his appointed counsel from representing him on appeal.  But, there is no federal constitutional right to self representation on direct appeal from a criminal conviction.  Martinez v. Ct. App. of Cal., 528 U.S. 152 (2000).  Moreover, appellant was given the opportunity to file his own pro se appellate brief.  This claim, therefore, was also properly dismissed pursuant to § 1915A.  We deem waived any other allegation regarding interference with access to court.

Finally, we note that appellant has filed a motion complaining that this court issued its notice taking this case upon the submitted briefs and without oral argument before it had received his reply brief.  In fact, however, the time for filing the reply brief had expired when the court issued its submission notice on April 20.  A reply brief is due within 14 days after service of the appellees' brief.  1st Cir. Loc. R. 31(a)(1).  The

appellees' brief was served on March 16 and filed in this court on March 17. Appellant's brief was received on April 27. The reply brief was, itself, dated April 21, which was 36 days after service of the appellees' brief. In any event, we have considered anew the motion's request for oral argument and it is denied.

Affirmed.