**Tylon C. CHRISTIAN, Plaintiff–Appellant,**

v.

**Douglas TIMMERMANN et al., Defendants–Appellees.**

No. 04–1373.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 20, 2004.*

Decided Dec. 28, 2004.

\* Appellees, who were not served with process in the district court, have elected not to participate in this appeal, which is submitted for decision on the appellant's brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Tylon C. Christian, Black River Falls, WI, pro se.

Peggy A. Lautenschlager, Office Of The Attorney General, Madison, WI, for Defendant–Appellee.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## Order

Wisconsin released Tylon Christian on parole from multiple sentences he was serving. After he stopped reporting to his parole officer in February 2001, he was picked up as an absconder and returned to jail, then released after some additional custodial time. Christian took the position that his parole had expired, so that he was not required to report or otherwise cooperate; the state took the view that his parole had been extended administratively. Wisconsin calls this a "stop time" decision. This cycle of arrest and release was repeated several times. By August 2002, when Wisconsin acknowledged that Christian's parole was over, he was back in prison on a new criminal conviction.

In this suit under 42 U.S.C. § 1983, Christian seeks compensation for the time he spent in custody between February 2001 and August 2002. The district court spontaneously dismissed the complaint under 28 U.S.C. § 1915A, stating that a proceeding under § 1983 would be incompatible with *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). These decisions hold that § 1983 cannot be used to wage a collateral attack on a judicial or administrative adjudication that authorizes ongoing custody, but the complaint did not allege that any such adjudication had occurred. In response to a motion for reconsideration, however, the district judge wrote that there *had* been an adjudication: that Christian's parole had been revoked with his consent at a formal revocation hearing in June 2002. If that is so, then *Heck* would indeed deem this suit premature—and it would lack merit to boot, for a guilty plea (or equivalent stipulation in a parole-revocation proceeding) waives all antecedent arguments. See *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). It thus would concede that (a) the duration of parole had been properly extended, and (b) that Christian had violated the conditions of his parole. These concessions would mean that no constitutional tort could have occurred.

In this court Christian denies this essential premise of the district court's decision. He says that his parole was *not* formally revoked. If this is so—if, as Christian now asserts, there was neither an adjudication (judicial or administrative) nor the equivalent of a guilty plea—then *Heck* and *Edwards* are irrelevant, and he has a claim under the fourth amendment: that state officials arrested and detained him without probable cause. This may be pursued under § 1983 whether or not state courts offer remedies of their own. See *McCullah v. Gadert*, 344 F.3d 655, 660 (7th Cir. 2003). The district court may have assumed that Christian is making a due process claim, to which *Parratt v. Taylor* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), would apply. But complaints need not plead law, and Christian's grievance allows both fourth and fifth amendment characterizations. *Parratt* has nothing to say about a fourth amendment theory, which is substantive rather than procedural.

Everything thus turns on whether Christian was offered a formal parole-revocation hearing and pleaded guilty to the charges. This is a disputed question, which makes dismissal under § 1915A premature.

Papers attached to Christian's proposed complaint suggest that state parole officials did not carefully distinguish among Christian's multiple sentences and paroles. The parole-revocation process to which the district judge referred seems to have concerned only two of his convictions, while (at least according to Christian) his arrests in 2001 and 2002 were authorized (if at all) by the conditions set on the paroles from his other convictions. The papers available to us do not permit a confident choice between these characterizations; some of the documents bear all five case numbers and some bear only two, and none makes it clear just which of the paroles is responsible for the arrests of which Christian complains.

This must be sorted out in an adversarial proceeding on remand. The district court should file the complaint, order the defendants served, and then determine whether the custody of which Christian complains was authorized by the parole terms that he has conceded violating. If yes, then the complaint must be dismissed—for even if, as several Justices have suggested, *Heck* drops out when the complained-of custody ends, see *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 1306 & n. 2, 158 L.Ed.2d 32 (2004), the stipulation that parole had been violated and properly could be revoked would foreclose any substantive challenge how. (Christian does not contend that this stipulation was involuntary.)

If, on the other hand, the parole-revocation charges to which Christian effectively pleaded guilty do *not* authorize the complained-of custody, then we have a simple fourth amendment claim. The first question would be whether the stop-time orders were proper; if so, then Christian violated the conditions of his parole and cannot complain about his apprehension (though perhaps the duration of custody without either a judicial or an administrative hearing would be open to question). If the stop-time orders were not proper, then the district court would need to decide whether their legal status was sufficiently opaque that the defendants are entitled to qualified immunity.

VACATED AND REMANDED