SUMMARY ORDER
Maynard Archer, proceeding in forma pauperis, appeals from the judgment of the district court dismissing his amended complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). The defendant-appellee, who was not served in this matter, did not appear in district court, and has not filed a brief in this Court. We assume the familiarity of the parties and counsel with the underlying facts and procedural history of this case, the opinions below, and the issues raised on this appeal.
We review a section 1915(e) dismissal de novo. Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir.2001). A de novo review of the record and relevant case law establishes that the district court properly dismissed Archer’s amended complaint. In his amended complaint, Archer challenged the loss of his “good-time credits” and sought monetary damages. The claim is barred by Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a section 1983 action seeking money damages is not cognizable if a favorable decision would “necessarily imply the invalidity of [a] conviction or sentence,” unless such conviction has previ *10 ously been invalidated), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying Heck to a suit challenging the procedural defects at a prison disciplinary proceeding at which an inmate’s good-time credits were revoked).
Archer’s claim on appeal that he is only challenging the allegedly inadequate procedures that resulted in the revocation of his good-time credits, and not the revocation itself, fails. The Supreme Court, in Edwards, rejected the distinction between claiming an improper procedure and claiming an improper result, because “it disregards the possibility, clearly envisioned by Heck, that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.” Edwards, 520 U.S. at 645, 117 S.Ct, 1584. The Supreme Court concluded that because the principal procedural defect complained of by Edwards “would, if established, necessarily imply the invalidity of the deprivation of his good-time credits,” id. at 646, 117 S.Ct. 1584, Edwards’ suit was not cognizable under section 1983. Id. at 646-49, 117 S.Ct. 1584. In light of the fact that Archer’s challenge to the district court’s ruling is foreclosed by principles articulated by the Supreme Court, we affirm the judgment of the district court.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.