[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10343
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:06-cv-00995-HES-JRK

AMON DEAN RICHARDS,

Plaintiff-Appellant,

versus

ORLESTER DICKENS,
S. E. SWAIN,
J. B. KENT,
J. W. HOLTON,
PILAR GUDINO, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 31, 2011)

Before EDMONDSON, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Amon Dean Richards, a state prisoner, had a physical encounter with two prison officers, J.W. Holton and S.E. Swain, and was cited in two prison disciplinary actions for the unarmed assault of those officers. Richards was punished for that assault by the elimination of some of his earned good-time credits. Based on the same physical encounter, Richards brought an action under 42 U.S.C. § 1983 with claims against numerous prison officials, including claims for excessive force and conspiracy under 42 U.S.C. § 1983 against Holton and Swain and claims for conspiracy under § 1983 against J.B. Kent and Lieutenant Bacon, two other officers who were present just before Richards' altercation with Holton and Swain. Richards' § 1983 complaint alleged that he acted in self-defense and sought damages for injuries that resulted from the altercation.

Richards appeals pro se the district court's grant of summary judgment to those four defendant officers on his § 1983 excessive force and conspiracy claims and its denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment.[1] Richards contends that the district court erred in granting summary judgment because his § 1983 claims were not barred by Heck v.

---

[1] In its order, the district court granted summary judgment to all defendants named in the complaint and entered a final judgment against Richards. In his brief to this Court Richards only argues error in the grant of summary judgment on the claims against Holton, Swain, Kent, and Bacon and has thus abandoned any claims against the remaining defendants. United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).

2

Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Richards also contends that the district court erred by denying his Rule 59(e) motion as untimely filed under the mailbox rule.

A.

"We review de novo a district court's grant of summary judgment." Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010). "We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Id. at 1263–64. Richards contends that the district court erred in ruling that his § 1983 claims are barred by Heck because he did not seek to expunge the disciplinary actions against him. He argues that those disciplinary actions are not necessarily inconsistent with his § 1983 claims, which were based on the premise that he did not instigate the altercation but instead acted in self-defense.

The Supreme Court held in Heck that:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

3

corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87, 114 S.Ct. at 2372 (footnote omitted).

The Supreme Court has applied Heck to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits.  See Edwards v. Balisok, 520 U.S. 641, 646, 117 S.Ct. 1584, 1588 (1997) (holding that Heck bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits").  Heck is not categorically applicable to all suits challenging prison disciplinary actions.  Muhammad v. Close, 540 U.S. 749, 754, 124 S.Ct. 1303, 1306 (2004).  But if good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence.  See id. at. 754–55, 124 S.Ct. at 1306 (stating that where the magistrate judge expressly found or assumed that no good-time credits were eliminated by the challenged prison action, the prisoner's § 1983 suit could

4

not be construed as seeking a judgment at odds with his conviction or sentence).

Richards' § 1983 excessive force and conspiracy claims, which are based on the premise that he acted in self-defense, and the prison disciplinary actions against him, which were based on the fact that he started the scuffle with the officers, are contradictory. Absent expungement or invalidation of those disciplinary actions, Richards' claims are barred by Heck. His argument that Heck is inapplicable because he is not seeking to expunge his disciplinary actions misses the mark. As we have already discussed, the relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits. Because Richards' § 1983 excessive force and conspiracy claims necessarily imply the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue those claims under § 1983.[2]

---

[2] Richards also contends that, in light of the defendants' failure to specifically address his conspiracy allegations in their motion for summary judgment, the district court erred by not providing him with prior notice that it intended to address his conspiracy claim. That argument fails because Heck bars the conspiracy claim, and Richards had notice that the validity of the conspiracy claims under Heck was at issue because conspiracy was the only claim against Kent and Bacon who both joined in the summary judgment motion.

In order to prove a § 1983 conspiracy, the plaintiff "must prove the defendants reached an understanding" to violate his constitutional rights and committed "an actionable wrong to support the conspiracy." Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir. 2010) (quotation marks omitted). Like his excessive force claim, to prove an actionable wrong Richards would have to show that he did not start the scuffle with the officers. And like the excessive force claim, that premise would contradict the factual basis for the disciplinary actions that deprived

5

B.

In ruling on Richards' motion under Federal Rule of Civil Procedure 59(e), the district court stated in its order that his "Motion to Amend or Alter Judgment . . . , filed November 13, 2009, pursuant to the mailbox rule, is denied." Richards argues that the order shows that the district court based its denial on the untimeliness of the filing of that motion under the mailbox rule. He says that was error because the Rule 59(e) motion was given to the prison authorities on November 13, 2009, although it was not filed with the district court until November 16, 2009. Richards misunderstands what the district court meant. The court was merely acknowledging the timeliness of Richards' motion based on the mailbox rule.

To the extent Richards' challenges the merits of his Rule 59(e) motion, we review the district court's denial of a Rule 59(e) motion only for an abuse of discretion. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). When ruling on Rule 59(e) motions, the district court is not required to state findings or conclusions. Fed. R. Civ. P. 52(a)(3); Fed. R. Civ. P. 59(e). Because Richards did not identify newly-discovered evidence or manifest errors of law or fact and merely attempted to relitigate matters already decided, the district court did not

him of good-time credits.

6

abuse its discretion in denying Richards' motion for reconsideration.  <u>Arthur</u>, 500

F.3d at 1343.

**AFFIRMED.**