# EDWARDS ET AL. *v.* BALISOK

No. 95–1352.   Argued November 13, 1996—Decided May 19, 1997

*Kathleen D. Mix,* Chief Deputy Attorney General of Washington, argued the cause for petitioners. With her on the briefs were *Christine O. Gregoire,* Attorney General, and *Talis Merle Abolins, William Berggren Collins, Mary E. Fairhurst,* and *Daniel J. Judge,* Assistant Attorneys General.

*Thomas H. Speedy Rice* argued the cause for respondent. With him on the brief was *George A. Critchlow.**

---

*A brief of *amici curiae* urging reversal was filed for the State of California et al. by *Daniel E. Lungren,* Attorney General of California, *George Williamson,* Chief Assistant Attorney General, and *Peter J. Siggins,* Senior Assistant Attorney General, *Charles F. C. Ruff,* Corporation Counsel of the District of Columbia, and by the Attorneys General for their respective States as follows: *Bruce M. Botelho* of Alaska, *Grant Woods* of Arizona, *Gale A. Norton* of Colorado, *Richard Blumenthal* of Connecticut, *Robert A. Butterworth* of Florida, *Carla J. Stovall* of Kansas, *Mike Moore* of Mississippi, *Joe Mazurek* of Montana, *Don Stenberg* of Nebraska, *Frankie Sue Del Papa* of Nevada, *Dennis C. Vacco* of New York, *W. A. Drew Edmondson* of Oklahoma, *Thomas W. Corbett, Jr.,* of Pennsylvania,

JUSTICE SCALIA delivered the opinion of the Court.

In *Heck* v. *Humphrey*, 512 U. S. 477, 487 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U. S. C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. This case presents the question whether a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is cognizable under § 1983.

Respondent Jerry Balisok is an inmate at the Washington State Penitentiary in Walla Walla. On August 16, 1993, he was charged with, and at a hearing on September 2 was found guilty of, four prison infractions. He was sentenced to 10 days in isolation, 20 days in segregation, and deprivation of 30 days' good-time credit he had previously earned toward his release. His appeal within the prison's appeal system was rejected for failure to comply with the applicable procedural requirements.

On January 26, 1994, respondent filed the present § 1983 action alleging that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights. His amended complaint requested a declaration that the procedures employed by state officials violated due process, compensatory and punitive damages for use of the unconstitutional procedures, an injunction to prevent future violations, and any other relief the court deems just and equitable. Taking account of our opinion in *Preiser* v. *Rodriguez*, 411 U. S. 475, 500 (1973), which held that the sole remedy in federal court for a prisoner seeking restoration

*Charles Molony Condon* of South Carolina, *James S. Gilmore III* of Virginia, and *James E. Doyle* of Wisconsin.

*David C. Fathi, John Midgley, Patricia J. Arthur, Don Saunders, Katrin E. Frank,* and *Steven R. Shapiro* filed a brief for the American Civil Liberties Union et al. as *amici curiae* urging affirmance.

of good-time credits is a writ of habeas corpus, Balisok's amended complaint did not request restoration of the lost credits. (As the District Court noted, however, he expressly reserved the right to seek that relief in an appropriate forum. App. to Pet. for Cert. F–4.)

The District Court, applying our opinion in *Heck*, held that a judgment in Balisok's favor "would necessarily imply the invalidity of the disciplinary hearing and the resulting sanctions." App. to Pet. for Cert. F–14. Rather than grant petitioners' motion to dismiss, however, the District Court stayed this action pending filing and resolution of a state-court action for restoration of the good-time credits. It authorized an immediate appeal of its ruling pursuant to 28 U. S. C. § 1292(b), and the Court of Appeals for the Ninth Circuit reversed, holding that a claim challenging only the procedures employed in a disciplinary hearing is always cognizable under § 1983. App. to Pet. for Cert. A–2, judgt. order reported at 70 F. 3d 1277 (1995). We granted certiorari. 517 U. S. 1166 (1996).

The violations of due process alleged by respondent are similar to those alleged by the plaintiff in *Heck*. There, the allegations were that the state officials had conducted an arbitrary investigation, had knowingly destroyed exculpatory evidence, and had caused an illegal voice identification procedure to be used at the plaintiff's criminal trial. 512 U. S., at 479. Here, respondent principally alleged that petitioner Edwards, who was the hearing officer at his disciplinary proceeding, concealed exculpatory witness statements and refused to ask specified questions of requested witnesses, App. to Pet. for Cert. I–3 to I–7, which prevented respondent from introducing extant exculpatory material and "intentionally denied" him the right to present evidence in his defense, Brief for Respondent 3. (Respondent also alleged that Edwards failed to provide a statement of the facts supporting the guilty finding against him, App. to Pet. for Cert. I–6

to I–7, and that petitioner Wood erroneously rejected his appeal as exceeding the page limitation, *id.*, at I–7 to I–8.)

There is, however, this critical difference from *Heck:* Respondent, in his amended complaint, limited his request to damages for depriving him of good-time credits *without due process*, not for depriving him of good-time credits *undeservedly* as a substantive matter.* That is to say, his claim posited that the procedures were wrong, but not necessarily that the result was. The distinction between these two sorts of claims is clearly established in our case law, as is the plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves the former one without also proving the latter one. See *Carey* v. *Piphus*, 435 U. S. 247, 266–267 (1978). The Court of Appeals was of the view that this difference from *Heck* was dispositive, following Circuit precedent to the effect that a claim challenging only the procedures employed in a disciplinary hearing is always cognizable under § 1983. See App. to Pet. for Cert. A–2, citing *Gotcher* v. *Wood*, 66 F. 3d 1097, 1099 (CA9 1995), cert. pending, No. 95–1385.

That principle is incorrect, since it disregards the possibility, clearly envisioned by *Heck*, that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. This possibility is alluded to in the very passage from *Heck* relied upon by the Court of Appeals, a passage that distinguished the earlier case of *Wolff* v. *McDonnell*, 418 U. S. 539 (1974), as follows:

> "In light of the earlier language characterizing the claim as one of 'damages for the deprivation of civil rights,' rather than damages for the deprivation of good-time credits, we think this passage recognized a § 1983 claim for using the wrong procedures, not for reaching the

---

*The amended complaint could be considered ambiguous on the point, but this was the Court of Appeals' interpretation, which has been accepted by petitioners. Brief for Petitioners 5.

wrong result (*i. e.*, denying good-time credits).  *Nor is there any indication in the opinion, or any reason to believe, that using the wrong procedures necessarily vitiated the denial of good-time credits.*  Thus, the claim at issue in *Wolff* did not call into question the lawfulness of the plaintiff's continuing confinement."  *Heck*, 512 U. S., at 482–483 (emphasis added and deleted).

The same point was apparent in *Heck*'s summary of its holding:

"We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,*[6] a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *Id.*, at 486–487 (emphasis added).

The footnote appended to the above-italicized clause gave a concrete example of "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful."  *Id.*, at 486, n. 6.  The Court of Appeals was thus incorrect in asserting that a claim seeking damages only "for using the wrong procedure, not for reaching the wrong result," *Gotcher*, *supra*, at 1099, would never be subject to the limitation announced in *Heck*.

The principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits.  His claim is, first of all, that he was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence.  It appears that all witness testimony in his defense was excluded.  See App. to Pet. for Cert. F–2 (District Court opinion) ("At the infraction hearing . . . , [respondent] asked that the witness statements be read into the record.  According to [respondent], Edwards replied

that no witness statements had been submitted on his behalf"). This is an obvious procedural defect, and state and federal courts have reinstated good-time credits (absent a new hearing) when it is established. See, *e. g., Kingsley* v. *Bureau of Prisons,* 937 F. 2d 26, 27, 31 (CA2 1991); *Dumas* v. *State,* 654 So. 2d 48, 49 (Ala. Crim. App. 1994); *Mahers* v. *State,* 437 N. W. 2d 565, 568–569 (Iowa 1989); *In re Contras,* 199 App. Div. 2d 601, 602, 604 N. Y. S. 2d 651, 652 (1993). Cf. *In re Reismiller,* 101 Wash. 2d 291, 293–297, 678 P. 2d 323, 325, 326 (1984); *In re Burton,* 80 Wash. App. 573, 585, 910 P. 2d 1295, 1304 (1996). Respondent's claim, however, goes even further, asserting that the cause of the exclusion of the exculpatory evidence was the deceit and bias of the hearing officer himself. He contends that the hearing officer lied about the nonexistence of witness statements, see App. to Pet. for Cert. I–4, I–6, I–7; Brief for Respondent 2–3; App. 4, and thus "intentionally denied" him the right to present the extant exculpatory evidence, Brief for Respondent 3. A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him. *Tumey* v. *Ohio,* 273 U. S. 510, 535 (1927); *Arizona* v. *Fulminante,* 499 U. S. 279, 308 (1991). The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence. Cf. *Wolff, supra,* at 570–571.

Respondent contends that a judgment in his favor would not imply the invalidity of the loss of his good-time credits because Washington courts follow a "some or any evidence" standard, under which, "if there is any evidence in the record to support the prison hearing determination, then the court will not undertake an entire review of the record and will uphold prison hearing results." Brief for Respondent 7, citing *Superintendent, Mass. Correctional Institution at Walpole* v. *Hill,* 472 U. S. 445 (1985); Brief for Respondent 21

(citing Washington state cases). Here, respondent points out, the record contains ample evidence to support the judgment under this standard. That may be true, but when the basis for attacking the judgment is not insufficiency of the evidence, it is irrelevant. As the Washington Supreme Court has explained: "The *evidentiary requirements* of due process are satisfied if there is 'some evidence' in the record to support a prison disciplinary decision revoking good time credits." *In re Johnston*, 109 Wash. 2d 493, 497, 745 P. 2d 864, 867 (1987) (emphasis added). Similarly, our discussion in *Hill* in no way abrogated the due process requirements enunciated in *Wolff*, but simply held that in addition to those requirements, revocation of good-time credits does not comport with "'the minimum requirements of procedural due process,'" unless the findings are "supported by some evidence in the record." 472 U. S., at 454 (quoting *Wolff, supra*, at 558).

We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983. Respondent also requests, however, prospective injunctive relief. His amended complaint alleges that prison officials routinely fail to date-stamp witness statements that are made in cases involving "jail house attorney[s]" like himself, in order to weaken any due process challenge for failure to call witnesses. App. to Pet. for Cert. I–4. He requests an injunction requiring prison officials to date-stamp witness statements at the time they are received. *Id.*, at I–10. Ordinarily, a prayer for such prospective relief will not "necessarily imply" the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983. To prevail, of course, respondent must establish standing, see *Lewis* v. *Casey*, 518 U. S. 343, 351–354 (1996), and meet the usual requirements for injunctive relief, see, *e. g.*, *O'Shea* v. *Littleton*, 414 U. S. 488, 499, 502 (1974). Nei-

ther the Ninth Circuit nor the District Court considered this injunctive claim, and its validity was neither briefed nor argued here. We leave this issue for consideration by the lower courts on remand.

Since we are remanding, we must add a word concerning the District Court's decision to stay this § 1983 action while respondent sought restoration of his good-time credits, rather than dismiss it. The District Court was of the view that once respondent had exhausted his state remedies, the § 1983 action could proceed. App. to Pet. for Cert. F–14. This was error. We reemphasize that § 1983 contains no judicially imposed exhaustion requirement, *Heck*, 512 U. S., at 481, 483; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.

The judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE GINSBURG, with whom JUSTICE SOUTER and JUSTICE BREYER join, concurring.

I agree that Balisok's claim is not cognizable under 42 U. S. C. § 1983 to the extent that it is "based on allegations of deceit and bias on the part of the decisionmaker," *ante*, at 648; those allegations, as the Court explains, "necessarily imply the invalidity of the punishment imposed," *ibid.*; see *ante*, at 646–648. Balisok alleged other procedural defects, however, including the failure of prison official Edwards "to specify what facts and evidence supported the finding of guilt." App. to Pet. for Cert. F–3 (District Court order); see *Wolff* v. *McDonnell*, 418 U. S. 539, 564–565 (1974) (inmate subjected to discipline is entitled to a written statement of reasons and evidence relied on). A defect of this order, unlike the principal "deceit and bias" procedural defect Balisok alleged, see *ante*, at 646–647, would not neces-

sarily imply the invalidity of the deprivation of his good-time credits, and therefore is immediately cognizable under § 1983. On this understanding, I join the Court's opinion.