**Jeffrey SCHROEDER, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 02–1345.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

*ORDER*

Jeffrey Schroeder, a Michigan state prisoner, appeals pro se a district court order dismissing for failure to state a claim his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Schroeder filed this action to challenge a misconduct conviction for a December 12, 1995, escape from community residential status. Schroeder alleged that the hearing officer was biased, that he was not informed of the charge until March 1996, due to his hospitalization following a sui-

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

cide attempt, and that he was somehow prejudiced by the dismissal of four other misconduct charges which became the subject of state criminal convictions for home invasion and breaking and entering. Schroeder alleged that the misconduct finding resulted in the loss of good time and the later denial of community placement and job assignments. Schroeder also complained that his attempt to appeal the conviction in 1998 was dismissed as untimely.

Defendants moved to dismiss, and Schroeder responded. The matter was referred to a magistrate judge, who recommended that the motion to dismiss be granted. Over Schroeder's objections, the district court adopted this recommendation and dismissed the complaint. On appeal, Schroeder reasserts his arguments.

Upon review, we conclude that the dismissal of this complaint for failure to state a claim was proper, as Schroeder could prove no facts which would entitle him to relief. *Persian Galleries, Inc. v. Transcon. Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994).

The district court properly concluded that Schroeder could not assert a § 1983 claim in this case, because his claims implied the invalidity of his disciplinary conviction, which had not been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey v. Stine*, 230 F.3d 226, 228–230 (6th Cir. 2000). Schroeder relies on his status as a class member in the settlement of *Heit v. Van Ochten*, 126 F.Supp.2d 487 (W.D.Mich.2001), for the proposition that he should have been permitted to file an untimely appeal of his disciplinary conviction. However, Schroeder's untimely appeal was denied in 1998, three years before

that decision. Schroeder also argues that his status as a *Heit* class member exempts him from the holding of *Edwards*. However, the district court in *Heit* noted that *Edwards* would proscribe actions such as this one. *Heit*, 126 F.Supp.2d at 492.

Because it is apparent that Schroeder could prove no facts which would entitle him to the relief requested, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.