**Javier ACEVEDO, Plaintiff—Appellant,**

v.

**D.G. STOCKMAN; et al., Defendants—Appellees.**

No. 03–16252.

D.C. No. CV–02–05507–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Javier Acevedo, Blythe, CA, pro se.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM**

California state prisoner Javier Acevedo appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action alleging procedural inconsistencies in an administrative proceeding against Acevedo for threatening a prison staff member. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under the screening provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b)(1). *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Acevedo's action because the operative complaint sought relief that, if granted, would have necessarily implied the invalidation of the punishment imposed by the prison authorities, and Acevedo did not allege that this punishment had been invalidated. *See Edwards v. Balisok,* 520 U.S. 641, 644, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (holding that a claim involving procedural defects that necessarily implies the invalidity of the deprivation of good-time credits, is not cognizable under § 1983).

Acevedo's remaining contentions also lack merit.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

