

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2005

# Thomas v. Leach

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Thomas v. Leach" (2005). *2005 Decisions.* Paper 502.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/502

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1818
_____

ELMER L. THOMAS,

Appellant

v.

STEVEN C. LEACH; JACKSON M. STEWART; DONNA RHODE

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-01488)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2005

Before: ALITO, SMITH and COWEN Circuit Judges

(Filed September 28, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Elmer L. Thomas appeals pro se an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to "reactivate" his civil

rights action which had been dismissed for failure to state a claim. For the reasons that

follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. Thomas, who was convicted in 1982 of arson, murder and related charges, filed an action pursuant to 28 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania, alleging that the prosecutor and his criminal defense attorney conspired with a state court clerk to deny his post-conviction request for disclosure of an allegedly exculpatory 1982 police investigation report. He sought damages and injunctive relief, including an order preventing the report's destruction and directing that it be disclosed.

The defendants separately filed motions to dismiss alleging that Thomas failed to state a claim upon which relief can be granted. By order entered September 7, 2004, the District Court granted the motions, finding that success on Thomas's claims would necessarily imply the invalidity of his criminal conviction in state court, and thus that the claims were premature. See Heck v. Humphrey, 512 U.S. 477 (1994). In a motion for reconsideration filed on September 17, 2004, Thomas alleged that the District Court improperly denied his claim under Heck, overlooked his demand for preservation of the report, and failed to stay the action pending completion of his then-pending state Post Conviction Relief Act ("PCRA") proceedings. The District Court denied the motion by order entered October 1, 2004. Undeterred, on November 12, 2004, Thomas filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking to "reactivate" his § 1983 action. He noted that the Pennsylvania Superior Court had denied his PCRA petition on November

2

3, 2004, and contended that that denial constituted exhaustion of his state court remedies, thus rendering his § 1983 claims cognizable. Thomas's motion also sought an evidentiary hearing "entitling plaintiff [an] opportunity to show actual innocence." The District Court denied Thomas's Rule 60(b) motion on November 23, 2004. By order entered March 11, 2005, the District Court granted Thomas's motion for an extension of time to appeal, and deemed his appeal of the Rule 60(b) denial filed as of that date.

We have appellate jurisdiction under 28 U.S.C. § 1291. An appeal from the denial of a Rule 60(b) motion, the filing of which did not toll the time to appeal the judgment, does not bring up the underlying judgment for review on appeal. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 n.3 (3d Cir. 2004). Because Thomas's Rule 60(b) motion filed in November 2004 did not toll the time to appeal the September 2004 order granting the defendants' motions to dismiss, see Fed. R. App. P. 4(a)(4)(A)(vi), we lack jurisdiction to review the District Court's September 2004 order. In addition, Thomas's notice of appeal – filed no earlier than January 6, 2005 – is untimely with respect to the District Court's October 2004 order denying reconsideration. See Fed. R. App. P. 4(a)(1)(A) (stating 30-day time to appeal final orders in civil actions to which United States is not party). Therefore, we may examine only the District Court's denial of Thomas's Rule 60(b) motion, which we review for abuse of discretion. See Coltec Indus. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

In Heck, the Supreme Court held that a state prisoner could not maintain an action

3

for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In Edwards v. Balisok, 520 U.S. 641 (1997), the Court extended Heck and found a claim for declaratory relief not cognizable under § 1983 because it would "necessarily imply the invalidity of the punishment imposed." Id. at 648. The Court recently stated that a "state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005).

Thomas argues that the District Court abused its discretion by denying his Rule 60(b) motion because exhaustion of his state-court remedies for purposes of federal habeas corpus relief rendered his § 1983 claims cognizable under Heck and its progeny. Thomas is mistaken. As the Supreme Court has noted, "[e]ven a prisoner who has fully exhausted available . . . remedies has no cause of action [in a civil rights proceeding] unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489. Indeed, the Court in Heck did not "engraft an exhaustion requirement upon § 1983." Id. Therefore, assuming that Thomas's claims are barred by Heck, as we must, see Selkridge, 360 F.3d

4

at 161 n.3, his alleged exhaustion of available state remedies would not permit consideration of his claims in a civil rights action. Thomas's claims would not accrue until he demonstrates that his conviction has been invalidated, something he has not done.

For the foregoing reasons, we will affirm the District Court's order denying Thomas's motion for relief pursuant to Rule 60(b). In addition, we will affirm the District Court's denial of Thomas's motion for an evidentiary hearing.