# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3820

_____

Gregory L. Sams; Edward S. Walsh;    *
Tony Williams,    *
   *
        Appellants,    *
   *
Steven Davis,    *
   *
        Plaintiff,    *
   *
     v.    *   Appeal from the United States
   *   District Court for the
Lawrence Crawford, Director, MDOC;    *   Western District of Missouri.
Denis Agniel, Chairman, MO Board of    *
Probation & Parole; Paul Caspari,    *   [UNPUBLISHED]
Community Corrections Director;    *
Jane/John Does, All Unknown    *
Parole Officers; Melissa Thies; Ronald    *
Zils; Christopher Thomson; Alice    *
O'Conner; Elisabeth Simpson; Gail    *
Bynum; Wade R. Beers; Sharon    *
Housell; Christina Gildersleeve; Scott    *
Hadaller; Chad Obersteadt; Robert    *
Robinson; Steve Bell; Anne Steward;    *
Sandra Domalewski; Lelonda Sherrod;    *
Beth Johnson,    *
   *
        Appellees.    *

_____

Submitted: August 4, 2006
Filed: August 7, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

This is an appeal from the district court's preservice dismissal of a 42 U.S.C. § 1983 action filed by three Missouri prisoners. We reverse.

Initially, we find that all three prisoners--Gregory Sams, Edward Walsh, and Tony Williams--are proper appellants, despite Walsh's and Williams's failure to sign the notice of appeal. Given that the notice of appeal's caption and body read "Gregory Sams, et al[.]," and that all three prisoners separately moved to proceed in forma pauperis on appeal, we conclude that Walsh's and Williams's intent to appeal was objectively clear. *See Sather v. Comm'r*, 251 F.3d 1168, 1172 (8th Cir. 2001). Thus, we direct the clerk to add Walsh and Williams as appellants on this court's docket.

As for the facts, after their parole was revoked, plaintiffs filed this section 1983 action claiming defendants violated their due process rights by failing to inform them of their constitutional rights prior to parole-revocation hearings. Specifically, plaintiffs alleged the following. First, parole officers merely gave them a booklet titled "Rights of Offender to Preliminary and Revocation Hearing," which provided incomplete information about the extent of their rights, and induced them to waive their rights to preliminary hearings. Second, Missouri's parole-revocation-hearing system did not comport with the minimum due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972). Last, Missouri used unsigned parole-violation field reports prior to revocation hearings to determine probable cause for revocation, and alleged parole violators were not given copies of these reports until they had waived their preliminary hearings, preventing parolees from refuting any information in the reports. Plaintiffs requested damages, new parole-revocation hearings, appointment of counsel, full compliance with *Morrissey*, and other declaratory relief. The district court dismissed the complaint without prejudice under

28 U.S.C. § 1915(e)(2)(B), finding plaintiffs' claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

Upon de novo review, *see Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we conclude the district court incorrectly dismissed plaintiffs' action. Plaintiffs were not challenging the fact of their parole revocations, as their complaint alleged instead that the procedures used in their parole-revocation proceedings were unconstitutional. *See Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (state prisoners challenging revocation of good-time credits by means of constitutionally deficient disciplinary proceedings could use § 1983 to obtain declaration that disciplinary procedures were invalid and to enjoin prospective enforcement of invalid prison regulations, as neither declaratory-relief nor injunctive-relief victory would have meant immediate release or shorter period of incarceration). Because success on their due process claims would not necessarily demonstrate the invalidity of their current confinement or its duration, plaintiffs can challenge Missouri's parole revocation procedures in this section 1983 action. *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Notably, no plaintiff seeks an injunction ordering his immediate or speedier release, only a new parole revocation hearing at which Missouri parole officials could exercise their discretion. *See id.* at 82 (finding plaintiffs' claims cognizable under § 1983 because they sought relief that would render invalid state procedures used to deny parole eligibility and parole suitability, and did not seek injunction ordering immediate or speedier release; plaintiffs' success at most meant new eligibility review, which at most would speed consideration of new parole application, or new parole hearing at which state parole authorities may, in their discretion, decline to shorten prison term); *Morrissey*, 408 U.S. at 483-84 (parole revocations are in some part discretionary).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____