CLD-202                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1467
_____

CARLOS JOHNSON,
                              Appellant

v.

DHO CHAMBERS; WARDEN BRYAN BLEDSOE;
INVOLVED LEWISBURG WARDENS
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-00831)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2012

Before:  RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 26, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Carlos Johnson, proceeding pro se, appeals from the order of the District Court

granting the defendant-appellees' motion to dismiss or, in the alternative, for summary

judgment.  Because the appeal does not present a substantial question, we will summarily

affirm.  <u>See</u> 3d Cir. LAR 27.4 and I.O.P. 10.6.

I

In 2011, Johnson filed in the District Court a <u>Bivens</u> action against several employees of the United States Penitentiary at Lewisburg, Pennsylvania, where he had been an inmate in the Special Management Unit ("SMU").  Johnson later filed an amended complaint raising several claims, only a few of which were deemed non-frivolous.  First, Johnson alleged that Disciplinary Hearing Officer Chambers, Warden Bledsoe, and other "involved wardens" failed to properly investigate the incident that led to Johnson's disciplinary hearing.  Johnson claimed that, both before his disciplinary hearing and afterwards, these officials acted to unfairly double-cell Johnson in a small cell and restricted his visitation, phone, and commissary privileges.  Finally, Johnson argued that, in an unrelated incident, he was exposed to a canister of pepper spray, which had been used against an inmate in a neighboring cell, and that Correctional Officer Klosner did not remove the canister afterwards or properly decontaminate the area based on orders to teach the other SMU inmates a lesson.

In October 2011, the defendants filed a motion to dismiss or, in the alternative, for summary judgment.  After some confusion because of Johnson's transfer to a halfway house and subsequent release from custody, the motion was properly served on Johnson, but he did not file a response.  The District Court issued an order under Local Rule 7.6 directing him to respond or have the motion deemed unopposed, but Johnson again failed

2

to file a response.

The Magistrate Judge issued a lengthy report and recommendation ("R&R") concluding that dismissal was appropriate under Local Rule 7.6 and Federal Rule of Civil Procedure 41. Johnson submitted a letter responding to the report and recommendation, which the District Court construed as his formal objections. The District Court then granted the motion to dismiss / summary judgment motion, adopting the R&R in its entirety. Johnson timely appealed that order.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm if Johnson does not raise a substantial question on appeal, see 3d Cir. LAR 27.4 and I.O.P. 10.6, and we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We need not reach the question whether dismissal was warranted under Rule 41 because we agree with the District Court that Johnson's claims were without merit; it was therefore appropriate to grant the defendants' summary judgment motion.[1]

In evaluating whether summary judgment for the defendants was appropriate, we exercise plenary review, "and we must apply the same standard the district court was

---

[1]Johnson has not expressly challenged the District Court's dismissal of several of his claims as legally frivolous. See D. Ct. Doc. No. 10. To the extent that Johnson intends to challenge that determination in this appeal, we agree with the District Court, for the reasons given in its July 5, 2011 order, that dismissal of those claims was approprite.

required to apply under Federal Rule of Civil Procedure 56[].” Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010). “Thus, we can affirm only ‘if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.’” Id. (quoting former Fed. R. Civ. P. 56(c)(2)). “A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.” Id. “In evaluating the evidence, we must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party’s favor.” Id. (internal quotation marks and citations omitted).

Johnson first argued that Warden Bledsoe, DHO Chambers, and unspecified “involved wardens” failed to properly investigate the incident that resulted in his receiving certain sanctions before and after his disciplinary hearing. Inasmuch as Johnson complained that these officials’ failure to investigate resulted in unfair sanctions *after* his disciplinary hearing, we construe his claim as alleging a due process violation with regard to the disciplinary hearing process itself. Such a claim is barred, however, because Johnson’s claim implies that the adverse disciplinary decision is invalid, and he has not shown that the adverse decision has been overturned. See Edwards v. Balisok, 520 U.S. 641, 643-46 (1997).

Further, Johnson’s claims that he was improperly treated as a result of the officials’ failure to investigate *before* his disciplinary hearing lack merit. Johnson

4

complained that, for an unspecified length of time, he was double-celled in a six-by-nine-foot cell for 23 hours per day on "lockdown" status. He also complained that his visitation, telephone, and commissary privileges were unfairly restricted. Johnson's complaint is written in a somewhat confusing manner, and it is unclear whether Johnson's claims relate to his initial placement in the SMU, some treatment he may have received following the incident that led to his disciplinary hearing, or both. Regardless of which action he takes issue with, Johnson's treatment in the SMU, and the attendant restrictions on his privileges, did not run afoul of either the Due Process Clause or the Eighth Amendment's proscription against cruel and unusual punishment. That is, his placement in the SMU did not constitute a dramatic departure from the accepted standards for conditions of confinement such that due process was implicated. See Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (confinement in administrative custody for fifteen months not atypical or significant hardship); Tillery v. Owens, 907 F.2d 418, 427 (3d Cir. 1990) (double-celling, without other evidence of inadequate prison facilities, is constitutionally permissible). Nor did Johnson demonstrate an Eighth Amendment violation, as he did not show (1) that his placement in the SMU, or the emotional trauma that his placement there allegedly caused, resulted in the denial of any basic human need, (2) that he was "incarcerated under conditions posing a substantial risk of serious harm," Farmer v. Brennan, 511 U.S. 825, 828 (1994), or (3) that prison officials demonstrated a "deliberate

5

indifference" to his health or safety. Id.

Finally, Johnson claimed that C.O. Klosner violated his rights under the Eighth Amendment by intentionally neglecting to clean up expended pepper spray from the area near Johnson's cell after the spray was used to subdue another inmate, thereby prolonging Johnson's exposure to the spray. The District Court construed this as an excessive force claim, although it could also be construed as a deliberate indifference claim. In either case, we agree with the District Court that summary judgment was warranted. The defendant-appellees produced evidence specifically denying Johnson's allegations and suggesting that corrections officers routinely followed recommended procedures for decontaminating cell block areas after the use of chemical agents. Given that Johnson did not present any evidence beyond his own bare allegations that he was improperly exposed to pepper spray, he failed to create a genuine issue of material fact as to that issue.

Accordingly, Johnson has not raised a substantial question on appeal, and we will affirm the decision of the District Court.