CLD-440                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2080
_____

NORMAN SHELTON,
                                        Appellant
v.

C/O T. CRAWLEY; UNIT MANAGER BREWER; A. W. YOUNG; C/O ROGERS;
MEDICAL LADISTIC; LT SEEBA; LT MILLER; LT HAMILTON; C/O GRENOT;
CASE MANAGER COTTERALL; COUNSELOR EDENGER; COUNSELOR
STRUCK; LT AUGUSTA; LT HUNTER; LIESENFIELD, CORRECTIONAL
OFFICER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-00422)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: October 16, 2013)
_____

OPINION
_____

PER CURIAM

Norman Shelton, a federal prisoner proceeding pro se, appeals from the District Court's April 4, 2013, order granting the defendants' motion to dismiss. For the following reasons, we will summarily affirm.

## I.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Shelton is currently serving a term of 322 months' imprisonment for bank robbery and related charges. He was assigned to USP-Lewisburg in 2009 to participate in the Special Management Unit ("SMU") program due to his extensive disciplinary history, which included making threats and sexual proposals, assault resulting in serious injury, and fighting. After being assigned to SMU, he continued that disruptive behavior.

On August 13, 2011, Shelton displayed imminent violence by making verbal threats to prison staff while being escorted from the showers to his cell.[1] As a result, the Warden was notified and a Use of Force Team was assembled. The Team successfully placed Shelton in ambulatory restraints. He remained in restraints until the morning of August 15, 2011, when he regained self-control. An After Action Review concluded that the actions taken by the staff were reasonable and appropriate. Shelton received an incident report charging him with threatening bodily harm. A hearing was held before a Disciplinary Hearing Officer ("DHO") and Shelton was found guilty of the charge.

---

[1] He told the officer escorting him back to cell that to "take [him]in the back so we can do this I am gonna kick your ass, come on let's do this, let's go [come] on I am ready to go." (Dkt. No. 121, p. 16.)

Sanctions were imposed, including the loss of twenty-seven days of good conduct time ("GCT").

Shelton filed a <u>Bivens</u>[2] complaint against the defendants, alleging that they used excessive force against him, threatened him, refused to give him incoming legal mail, admitted that they were conspiring against him due to his repeated filing of lawsuits, injured his wrists with handcuffs, called him names, and falsified incident reports. He claimed that they retaliated against him because he complained about the way he was treated in prison and that they were attempting to prevent him from completing the SMU program. Shelton sought injunctive relief and transfer to another institution. He also sought compensatory damages against each of the defendants.

The defendants filed a motion to dismiss, or, in the alternative, for summary judgment. (Dkt. No. 66.) The District Court dismissed all but two of Shelton's claims for failure to exhaust administrative remedies. The first exhausted claim, that the defendants violated his due process rights during disciplinary hearings, was determined to be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-48 (1997). The second exhausted claim, alleging denial of access to the courts, was dismissed because Shelton failed to allege an actual injury.[3] Shelton timely appealed.

---

[2] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), creates a cause of action against the federal government analogous to a § 1983 action against the states.

[3] The District Court denied injunctive relief because Shelton had not demonstrated a likelihood of success on the merits of his exhausted claims.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion to dismiss. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). We may summarily affirm if no substantial question is presented on appeal. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Our review of the record reveals no error in the District Court's conclusion that Shelton failed to exhaust his administrative remedies as to all but two of his claims. After searching the defendants' records, the District Court determined that, during the time period encompassed by Shelton's complaint, he filed forty-seven requests for administrative remedies. (Dkt. No. 121, p. 15.) For all of the reasons expressed by the District Court, of those forty-seven, two were properly exhausted, and the defendants also conceded as much.[4] (Id. pp. 16-20.) The District Court properly dismissed the unexhausted claims. See 42 U.S.C. § 1997e(a); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).

We now to turn the District Court's analysis of Shelton's first exhausted claim that he was denied due process during prison disciplinary proceedings. (Dkt. No. 121, pp. 17, 22 n.6.) Shelton appealed the DHO's decision finding him guilty of threatening bodily harm, which resulted in sanctions and the loss of twenty-seven days GCT. He argued that he did not threaten prison staff. The Regional Director denied the appeal, affirming

---

[4] The remaining forty-five "were either unrelated to the allegations in the complaint . . . or were rejected for procedural reasons." (Dkt. No. 121, p. 20.)

the DHO's decision that the "greater weight of the evidence supported" that Shelton committed the offense. (Dkt. No. 121, p. 16.) He filed another appeal, which was again denied, because "the evidence [was] sufficient to support" the DHO's determination, particularly in light of Shelton's "verbal testimony as well as the handwritten statements [he] submitted for review . . . ." (Id. p. 18.) The Regional Director also stated that "the required disciplinary procedures were substantially followed . . . ." (Id.)

When faced with a deprivation of a liberty interest in a prison disciplinary hearing, a prisoner is entitled to procedures sufficient to ensure that his interest in his GCT is not arbitrarily abrogated. See Wolfe v. McDonnell, 418 U.S. 539, 557 (1974). Specific procedural protections must be afforded to the prisoner. See, e.g., id.at 563-72. In addition, to comport with the requirements of due process, the decision of the DHO must be supported by some evidence. See Superintendent v. Hill, 472 U.S. 445, 454 (1985). The allegations set forth in Shelton's complaint fall far short of stating a claim that his due process rights were violated during the disciplinary proceedings. Specifically, he never alleged that he was denied the procedural protections set forth in Wolfe, nor did he allege that no evidence supported the DHO's decision that he threatened the prison staff.[5]

---

[5] Even if he did, the uncontroverted record reflects that Shelton received notice and had an opportunity to be heard, as he submitted written and oral testimony. Further, the Hill standard is minimal, and it appears that there is sufficient "evidence in the record that could support the conclusion reached by the disciplinary board." 472 U.S. at 455-56.

Shelton's first exhausted claim was properly dismissed for failure to state a claim.[6] (Dkt. No. 121, pp. 24-25.)

Shelton's second exhausted claim alleged that Officer Rogers illegally searched his cell and destroyed legal mail from the court and from his lawyers. In order to sustain a claim of denial of access to the courts, a plaintiff must allege an actual injury; that is, that because of the defendant's conduct he sustained the "loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief." Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 441 (3d Cir. 2005) (citing Christopher v. Harbury, 536 U.S. 403, 414 (2002)). We agree that Shelton failed to allege any actual injury in this case.[7] His claim of denial of access to the courts was, therefore, properly dismissed.

III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[6] Though the District Court determined that this claim was barred by Heck and Edwards, we may affirm on any basis supported by the record. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

[7] As the District Court pointed out, "Shelton's ability to present this current action indicates that his access to the courts has not been impeded." (Dkt. No. 121, p. 26.)