# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2022

Lyle W. Cayce
Clerk

No. 21-30096

Johnny Traweek,

*Plaintiff—Appellee*,

*versus*

James LeBlanc, *in his individual and official capacities*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:19-CV-1384

Before King, Higginson, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Johnny Traweek, a former Louisiana state prisoner, was detained twenty days beyond his release date. Among other defendants, Traweek sued James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections (DPSC), under 42 U.S.C. § 1983, for violating his rights under the Fourteenth Amendment, his due process rights under the Louisiana

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30096

constitution, and other state laws. LeBlanc asserted qualified immunity under federal and state law and moved for summary judgment, but the district court denied his motion. LeBlanc appealed. Because the district court did not articulate which facts it found to be genuinely disputed, we cannot adequately review the court's ruling. We therefore vacate the district court's order denying summary judgment and remand for further proceedings.

## I.

On October 2, 2017, Traweek was arrested on suspicion of aggravated battery and detained in the Orleans Parish Prison (OPP) for allegedly using a saucepan to hit an individual. He was charged with aggravated battery in violation of Louisiana Revised Statutes § 14:34. On May 2, 2018, seven months after his arrest, Traweek appeared in state court and pled guilty to aggravated battery. He was sentenced to serve seven months in the custody of the Orleans Parish Sheriff's Office (OPSO) with credit for time served. The state court's sentence entitled Traweek to immediate release, but due to an administrative backlog and alleged incompetence on the part of OPSO and DPSC officials, Traweek was released on May 22, 2018, twenty days later.[1]

In February 2019, Traweek filed a civil-rights action against Orleans Parish Sheriff Marlin Gusman, another OPSO employee, and unknown John and Jane Doe defendants grounded on 42 U.S.C. § 1983 and Louisiana state law. In May 2019, Traweek filed an amended complaint that added LeBlanc and DPSC employee Ashley Jones as defendants. Against LeBlanc, Traweek asserted due process claims under the Fourteenth Amendment and

---

[1] For additional detail regarding this case's factual background, see *Traweek v. Gusman*, 414 F. Supp. 3d 847, 853–55 (E.D. La. 2019).

No. 21-30096

the Louisiana Constitution and claims for failure to intervene, state law negligence, and failure to train or supervise under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and *Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015). Traweek requested declaratory relief, monetary damages, costs and attorney's fees, and a permanent injunction.

LeBlanc and Jones moved to dismiss Traweek's federal claims for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They asserted that the Eleventh Amendment barred Traweek's claims for monetary damages against them in their official capacities, and that they were entitled to qualified immunity for claims for monetary damages against them in their individual capacities.[2] The district court granted the motion in part and dismissed Traweek's official capacity claims against LeBlanc and Jones. The court held that the DPSC enjoyed sovereign immunity from suit under the Eleventh Amendment and that *Ex parte Young*, 209 U.S. 123 (1908), did not apply because Traweek sought monetary damages. The court denied the motion as to Traweek's § 1983 individual capacity claims against LeBlanc and Jones, finding that "Traweek alleged facts sufficient to overcome [their] assertions of qualified immunity at the pleadings stage."

---

[2] LeBlanc and Jones also argued that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Traweek's claims, but the district court concluded that *Heck* did not apply because "Traweek's lawsuit, if successful, will not demonstrate or imply the invalidity of any criminal judgment or court-imposed sentence." Neither party raises the *Heck* issue on appeal, so we decline to address this issue further. *See Crittindon v. LeBlanc*, No. 20-30304, --- F.4th ----, 2022 WL 2092820, at *8 (5th Cir. June 10, 2022) (noting that *Heck* "is a defense a party must assert as opposed to some sort of jurisdictional bar"); *but see id.* at *10–12 (Oldham, J., dissenting) (stating that *Heck* precludes a § 1983 suit challenging the overdetention of inmates because that challenge should be brought under 28 U.S.C. § 2241 (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

No. 21-30096

Thereafter, in December 2019, Traweek filed a second amended complaint that, *inter alia*, alleged claims for false imprisonment, respondeat superior, and indemnification against LeBlanc. In February 2020, Traweek filed a third amended complaint, the operative complaint, that added DPSC employee Tracy DiBenedetto to the suit; Traweek's third amended complaint carried forward the claims alleged against LeBlanc in the earlier iterations of his pleading.

After the parties engaged in initial discovery, including depositions, LeBlanc and the other two DPSC defendants, Jones and DiBenedetto,[3] moved for summary judgment. The district court concluded that qualified immunity shielded Jones and DiBenedetto from Traweek's constitutional claims and that Traweek's state law negligence claims failed as a matter of law. The court granted them summary judgment and dismissed Traweek's claims against them. The court denied summary judgment for LeBlanc, except as to Traweek's state law false-imprisonment claim.[4] The court held that qualified immunity did not shield LeBlanc against Traweek's constitutional claims, at least "on the record before the court," and further concluded that Traweek's negligence and respondeat superior claims "raise[d] triable questions" sufficient to survive summary judgment.

The district court noted that Traweek offered "little legal support in his argument on LeBlanc's entitlement to qualified immunity" regarding Traweek's constitutional claims but found "compelling" the "staggering

---

[3] By this point, the other defendants named in earlier versions of Traweek's complaint had all been dismissed.

[4] The court determined that because false imprisonment under Louisiana law "is restraint without color of legal authority," and Traweek incontrovertibly was detained under color of legal authority, Traweek's false imprisonment claims failed as a matter of law.

volume of factual evidence of incompetence and indifference in the [DPSC] headed by LeBlanc." The court primarily grounded its denial of summary judgment on *Hicks v. LeBlanc*, 832 F. App'x 836 (5th Cir. 2020) (per curiam), which held that LeBlanc could be liable for his department's alleged pattern of overdetention if the overdetention were intentional. *Id.* at 842; *see also Crittindon v. Gusman*, No. 17-512-SDD-EWD, 2020 WL 1862467, at \*15 (M.D. La. Apr. 13, 2020), *aff'd in part*, *rev'd in part*, *and remanded sub nom. Crittindon v. LeBlanc*, No. 20-30304, --- F.4th ----, 2022 WL 2092820 (5th Cir. June 10, 2022). The district court reasoned that the question in this case was not what happened to Traweek; rather, it was whether "LeBlanc's complicity in establishing (and/or failing to correct) policies leading to such extensive violations of inmates' clearly established rights to timely release was objectively unreasonable under the circumstances." The district court ultimately concluded that, "particularly in light of [this court's] signal in *Hicks*," it "[could] not grant qualified immunity to LeBlanc on the record before the [c]ourt."

As to Traweek's negligence claim, the court determined that a reasonable factfinder could "deem LeBlanc's acts and omissions—as the head of a department that had significant (if not dispositive) say in when Traweek was released from [OPP]—to have been 'substantial factor[s]' in Traweek's overdetention." In its respondeat superior analysis, the court found that Traweek asserted a viable claim "for any 'damage' proximately caused by the work-related acts of those conceivably under [LeBlanc's] command."

LeBlanc now appeals the district court's denial of summary judgment on his qualified immunity defense.

No. 21-30096

## II.

"[T]he denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). We review a ruling on summary judgment de novo. *See Maxmed Healthcare, Inc. v. Price*, 860 F.3d 335, 341 (5th Cir. 2017). However, "[t]he standard of review that we apply in an interlocutory appeal asserting qualified immunity differs from the standard employed in most appeals of summary judgment rulings." *Kinney*, 367 F.3d at 347. "A qualified immunity defense alters the usual summary judgment burden of proof. Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted).

"Whenever the district court denies an official's motion for summary judgment predicated upon qualified immunity, the district court can be thought of as making two distinct determinations, even if only implicitly." *Kinney*, 367 F.3d at 346. The first determination is "that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id.* The second is "that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Id.* In an interlocutory appeal, we may review only the first determination; we lack jurisdiction to review the second. In other words, "we can review the *materiality* of any factual disputes, but not their *genuineness*." *Wagner v. Bay City*, 227 F.3d 316, 320 (5th Cir. 2000); *see also Kinney*, 367 F.3d at 346–47.

## III.

The parties frame the issues on appeal somewhat differently, based on competing interpretations of the district court's order denying summary

judgment.    LeBlanc contends that the district court erred by wholly neglecting to engage in the qualified immunity analysis outlined above, and he challenges the court's ultimate denial of qualified immunity.  By contrast, Traweek asserts that this court lacks jurisdiction over LeBlanc's appeal because the crux of the dispute (i.e., whether LeBlanc's acts or omissions were the cause of Traweek's overdetention) is one of genuineness as opposed to materiality.  Alternatively, he posits that the district court did not actually deny LeBlanc qualified immunity, but merely deferred ruling, such that this appeal is premature.  But Traweek contends that, to the extent the court reached the issue and denied LeBlanc qualified immunity, the denial was proper.

We decline to sift the dissonance, at least until the district court clarifies its factual findings to allow us better to evaluate the issues raised by the parties.  "Ideally, the district court's order denying summary judgment based on qualified immunity explains what facts . . . the court assumed in denying summary judgment." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 456 (5th Cir. 2001).  When the court's order does not do this, "[w]e can either scour the record and determine what facts the plaintiff may be able to prove at trial and proceed to resolve the legal issues, or remand so that the trial court can clarify the order." *Id.* (citations omitted).  Here, remand is warranted.

In *Dean v. Phatak*, 911 F.3d 286 (5th Cir. 2018), we remanded the case because the district court "relied entirely on [the plaintiff's] allegations, not summary judgment evidence," in denying a motion similar to LeBlanc's.  We noted that when the district court does not identify the record evidence upon which it relied for its ruling, "we cannot affirm the denial of qualified immunity." *Id.* at 290.  In *Dean*, we stressed the importance of allowing the district court to consider the record in the first instance and recommended that on remand, the district court "cite summary judgment evidence—the depositions, documents, affidavits or declarations, stipulations, admissions,

or other materials in the record"—to support its ruling. *Id.*; *see also White v. Balderama*, 153 F.3d 237, 242 (5th Cir. 1998) (remanding where that was "more efficient" than scouring the record to discern material fact disputes).

As the district court correctly observed in its order denying LeBlanc's motion to dismiss, "there is a clearly established right to timely release from prison." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011); *see also Crittindon*, --- F.4th at ----, 2022 WL 2092820, at *6 ("While courts have declined to define the amount of delay that is reasonable, it is without question that holding without legal notice a prisoner for a month beyond the expiration of his sentence constitutes a denial of due process." (footnote omitted)). However, the district court's order denying LeBlanc's summary judgment motion is almost completely devoid of any discussion of the record evidence that substantiates a genuine fact dispute as to whether LeBlanc's alleged complicity in Traweek's overdetention was objectively unreasonable in the light of this clearly established law. Instead, the court cited to Traweek's third amended complaint, its previous order denying LeBlanc's motion to dismiss, and the parties' motions and briefs, to conclude that the "question is best left for trial." Given the lack of findings drawn from the summary judgment record to support the district court's denial of qualified immunity, we decline to embark on our own analysis of the record to divine the merits of the district court's ruling. It is more prudent, given a record that contains more than 550 pages of deposition transcripts and other discovery-related documents, to allow the district court the first opportunity to specify which facts are genuinely disputed. *Cf. Dean*, 911 F.3d at 290 ("[T]he district court's analysis cites allegations in the pleadings, without reference to record evidence. In the absence of an identification of summary judgment evidence relied upon, we cannot affirm the denial of qualified immunity, and, in deference to the district court, we decline to search the record further.").

No. 21-30096

Further, we note that LeBlanc is also a defendant in *Crittindon*, --- F.4th at ----, 2022 WL 2092820, a case that involves similar issues and claims. In *Crittindon*, this court considered whether LeBlanc was entitled to qualified immunity in a lawsuit in which plaintiffs alleged constitutional violations and other claims arising from alleged overdetention of inmates. *Id.* at *1–10. Ultimately, a divided panel affirmed the denial of qualified immunity. *Id.* On remand of this case, the district court should consider whether this court's decision in *Crittindon* bears on the issues presented in this case.[5]

## IV.

In the light of the foregoing, we VACATE the district court's order denying LeBlanc summary judgment based on qualified immunity and REMAND for the court to reconsider LeBlanc's motion for summary judgment consistent with this opinion.

VACATED AND REMANDED.

---

[5] In addition, as the district court revisits its qualified immunity analysis, it should do so in the light of the Supreme Court's most recent guidance in *City of Tahlequah v. Bond*, 142 S. Ct. 9 (2021) (per curiam), and *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021) (per curiam).