[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12184

Non-Argument Calendar

_____

WENDALL JERMAINE HALL,

Plaintiff-Appellant,

*versus*

ELIZABETH PORFERT,
Clinician,
PATRICK MCCAWLEY,
Clinician,
JON CARNER,
Security Chief,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00380-JES-MRM

_____

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Wendall Hall is a sexually violent predator housed in Florida's Civil Commitment Center. In May 2020, he was reported by two Commitment Center clinicians, Elizabeth Porfert and Patrick McCawley, for two separate instances of misconduct. Security Chief Carner held a disciplinary hearing and concluded that Hall violated the Commitment Center's conduct policy. As punishment, Chief Carner sent Hall to the Commitment Center's confinement wing for sixty days. Chief Carner also lowered Hall's "care level," which appears to be a measurement of how far along Hall is in his rehabilitative process. Hall contends that Chief Carner's findings and punishment will have a secondary effect of extending the amount of time Hall will be forced to spend in the Commitment Center.

Hall sued under 42 U.S.C. § 1983. He asserts that Porfert, McCawley, and Chief Carner purposefully lied about Hall's conduct. These lies were allegedly part of a coordinated effort aimed at getting Hall back for filing lawsuits or grievances against Porfert, as well as the defendants' friends, Donald Sawyer and Emily Salema. Hall contends that Porfert's, McCawley's, and Chief

Carner's behavior was First Amendment retaliation. Hall also objects to Chief Carner's handling of the disciplinary proceeding: Hall says that he was not given pre-hearing notice, nor was he allowed to call witnesses on his behalf or otherwise present a defense. Hall argues the disciplinary hearing and resulting punishment thus violated his Fourteenth Amendment right to due process of law. Finally, Hall claims that the Commitment Center's conduct policy is facially violative of the Due Process Clause because it is a duplicative punishment for past crimes for which Hall has already been convicted and served a prison sentence.

The district court rejected all of Hall's claims. Hall appealed. We affirm.

Hall's First Amendment retaliation claim and his due process attack on the disciplinary hearing are barred by the rule first announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a plaintiff cannot maintain a section 1983 suit if a favorable ruling would undermine or invalidate the plaintiff's conviction or sentence. *See Hall v. Merola*, 67 F.4th 1282, 1290–91 (11th Cir. 2023). This so-called "*Heck* bar" prevents a plaintiff from suing under section 1983 unless and until the conviction has been ruled invalid. *See Heck*, 512 U.S. at 486–87.

*Heck* is not confined to challenges to criminal convictions. The Supreme Court has applied it to suits that would question the validity of "prison disciplinary convictions." *Hall*, 67 F.4th at 1291 (citing *Edwards v. Balisok*, 520 U.S. 641, 645–48 (1997)). And other circuits have held that *Heck* applies to claims brought by the civilly

committed. *See Thomas v. Eschen*, 928 F.3d 709, 711–13 (8th Cir. 2019); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005); *see also Turner v. Johnson*, 466 F.App'x 214 (4th Cir. 2012); *Thomas v. Schmitt*, 380 F.App'x 549 (7th Cir. 2010); *Banda v. N.J. Special Treatment Unit Annex*, 164 F.App'x 286 (3d Cir. 2006). That's a logical step: We often extend rules with prison origins to the civil commitment context. *See Boatman v. Berreto*, 938 F.3d 1275, 1276–77 (11th Cir. 2019); *Dolihite v. Maughon ex rel. Videon*, 74 F.3d 1027, 1041 (11th Cir. 1996).

Because *Heck* applies, Hall's suit is materially indistinguishable from *Edwards v. Balisok*, 520 U.S. 641 (1997). There, the plaintiff alleged "that he was completely denied the opportunity to put on a defense" or call witnesses to a prison disciplinary proceeding. *Edwards*, 520 U.S. at 646–47. The *Edwards* plaintiff likewise accused the "hearing officer himself" of "deceit and bias." *Id*. at 647. Because the *Edwards* plaintiff's success would have "necessarily impl[ied] the invalidity of" the internal disciplinary conviction, the Supreme Court held that *Heck* barred the claim. *Id*. at 646. So too here. Hall claims that the two main witnesses against him lied in their reports and that the hearing officer not only denied him the ability to put on a defense but worked with those two witnesses to punish him. To succeed on such claims would "necessarily imply" that his internal conviction for violating the Commitment Center's conduct policy was invalid. *Id*. Thus, *Heck* bars his First Amendment retaliation claims and his due process attack on the disciplinary proceedings.

That leaves Hall's facial constitutional attack on the Commitment Center's conduct policy. *Heck* does not bar that claim—at least to the extent that Hall is seeking to avoid future enforcement of that policy. *Id.* at 648. But the claim fails because Hall cannot establish that the policy is a punishment for his past crimes. The civil commitment system is an effort to rehabilitate, not to punish. Accordingly, we have said that involuntary residency in the Florida Civil Commitment Center is not punitive. *See Pesci v. Budz*, 935 F.3d 1159, 1166 (11th Cir. 2019). Our decision in *Pesci* presupposes that the Commitment Center's rules are not punitive. If being civilly committed in the first place is not punishment for a previous crime as we held in *Pesci*, then it is not punitive to require residents to follow the Commitment Center's conduct policy. So Hall's facial constitutional attack must also fail.

We **AFFIRM** the judgment of the district court.