NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 11-15669 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02196-EFB |
| v. | |
| CLAUDIA FINN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted June 26, 2012[***]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Walter Shane Langston, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Langston consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

To the extent that Langston's amended complaint contests the deprivation of time credits, the district court properly dismissed those claims as *Heck*-barred. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (challenge to loss of good-time credits not cognizable under § 1983); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (§ 1983 claims that necessarily challenge the fact or duration of confinement are barred).

To the extent that Langston's amended complaint otherwise alleges a due process violation, the district court properly dismissed those claims because Langston failed to allege facts sufficient to show the deprivation of a protected liberty or property interest. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569-71 (1972) (threshold requirement to a due process claim is the showing of a constitutionally protected liberty or property interest).

Langston's remaining contentions are unpersuasive.

Langston's request to file a motion for default, received on May 1, 2012, is deemed filed and is denied.

**AFFIRMED.**

2