**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE DIAZ, | No. 13-16104 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-00621-EJD |
| v. | |
| M. PEREZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 10, 2014[**]

Before:      PREGERSON, LEAVY, and MURGUIA, Circuit Judges

Enrique Diaz, a California state prisoner, appeals pro se the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitaker v. Garcetti*,

486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S.

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

477 (1994)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

To the extent that Diaz's action was premised on the issuance of a false rules violation report, which led to his loss of good time credits, the district court properly dismissed the action as *Heck*-barred. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (challenge to loss of good-time credits not cognizable under § 1983).

The district court properly dismissed Diaz's retaliation claim against defendants Ambriz, Binkle, Dixon, Kessler, McKelroy, and Solis because Diaz failed to allege facts sufficient to show retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory intent).

The district court properly dismissed Diaz's retaliation claim alleging that defendant Perez threatened him immediately after his cell mate's assault and later denied his requests to go outdoors or to a medical unit due to "toxic fumes." *See Rhodes*, 408 F.3d at 567-68 (requiring protected activity and causal link).

However, to the extent that Diaz claimed that Perez issued a third false rules violation report, threatened to issue additional write-ups, and redistributed his

property to other inmates, Diaz stated a cognizable retaliation claim by alleging, among other things, facts sufficient to show causal link and chilling. *See id.* at 567-69 (discussing the elements of a retaliation claim, including the causal link and chilling requirements); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (reversing dismissal under § 1915A where allegations in pro se complaint were "sufficient to meet the low threshold for proceeding past the screening stage"). Accordingly, we reverse and remand for further proceedings as to these parts of Diaz's claim against Perez only.

The district court properly dismissed Diaz's retaliation claim alleging that defendant Pennisi threatened him immediately after his cell mate's assault and threatened him in connection with his testimony. *See Rhodes*, 408 F.3d at 567-68 (requiring protected activity and causal link).

However, to the extent that Diaz claimed that Pennisi required that he withdraw an informal complaint or be subject to a cell move or administrative segregation, Diaz stated a cognizable retaliation claim by alleging, among other things, facts sufficient to show causal link and chilling. *See id.* at 567-69; *see also Wilhelm*, 680 F.3d at 1123. Accordingly, we reverse and remand for further proceedings as to these parts of Diaz's claim against Pennisi only.

**AFFIRMED in part; REVERSED in part; and REMANDED.**