**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6889**
_____

MICHAEL ANTHONY DILWORTH,

                    Plaintiff - Appellant,

          v.

H. CORPENING, Administrator at Marion Correctional
Institution; H. TATE, Sergeant at Marion Correctional
Institution; M. R. CRIDER, Disciplinary Hearing Officer at
Marion Correctional Institution; D. FREEMAN, Unit Manager
at Marion Correctional Institution; E. B. THOMAS, Chief
Disciplinary Hearing Officer at North Carolina Department
of Public Safety,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville. Frank D. Whitney,
Chief District Judge. (1:15-cv-00036-FDW)

_____

Submitted: August 27, 2015          Decided: September 1, 2015

_____

Before GREGORY, AGEE, and THACKER, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Michael Anthony Dilworth, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Dilworth appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint. Dilworth's complaint challenged a prison disciplinary conviction that resulted in the loss of good time credits, alleged that Defendant Freeman violated his rights under the First Amendment, and sought damages and injunctive relief. Dilworth confines his appeal to the dismissal of his challenge to his prison disciplinary conviction.

The district court properly dismissed the claim because it was not cognizable under § 1983 in the absence of a showing that the disciplinary conviction supporting the revocation of good time credits has been overturned. See Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) (applying Heck to claims for injunctive relief), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011). A prisoner may challenge the revocation of good time credits only by way of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, we modify the district court's order to reflect that Dilworth's challenge to the revocation of good time credits is dismissed without prejudice to his right to reassert his challenge in a habeas action and affirm the order as modified. See Dilworth v.

2

Corpening, No. 1:15-cv-00036-FDW (W.D.N.C. May 29, 2015).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED