NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSENDO BUENO, | No. 22-15126 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-01522-DAD-SAB |
| v. | |
| CHRISTIAN PFEIFFER, Warden; T. JACKSON, Associate Warden; R. VELASCO, Lieutenant and Senior Hearing Officer; A. MARTINEZ, Lieutenant & Senior Hearing Officer, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

California state prisoner Rosendo Bueno appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations arising out of two disciplinary hearings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Bueno's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Bueno challenged the disciplinary charges and the resulting loss of good-time credits, but he failed to allege facts sufficient to show that the disciplinary charges, including the loss of good-time credits, had been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement," but "must [instead] seek federal habeas corpus relief[.]" (citation and internal quotation marks omitted)); *Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997) (challenge to loss of good-time credits not cognizable under § 1983).

**AFFIRMED.**