CLD-209

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2346
_____

DAVID T. YARBOROUGH,
Appellant

v.

DETECTIVE MONROE HUDSON, DOC Commissioner;
ROBERT MAY, Warden-JTVCC;
KATHLEEN JENNINGS, DE Attorney General

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-22-cv-01573)
District Judge:  Honorable Colm F. Connolly

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: September 28, 2023)

_____

OPINION[*]

_____

PER CURIAM

Pro se Appellant David Yarborough, a prisoner at the James T. Vaughn Correctional Center, was found guilty of several prison policy violations and was disciplined with confinement to his quarters for 10 days, loss of privileges for 60 days, and the loss of 90 days' worth of good time credits. Twelve days after being found guilty, Yarborough—who had yet to file an appeal—received notice that his appeal had been denied. He filed a grievance appealing these disciplinary measures and his inability to appeal them directly. He then filed a complaint in the District Court under 42 U.S.C. § 1983 arguing that these actions violated his due process rights. Yarborough does not seek money damages, but rather an order mandating the reversal of the disciplinary action and the restoration of his good time credits. Upon review under 28 U.S.C. § 1915(e)(2)(b), the District Court dismissed the complaint. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under 28 U.S.C. § 1915(e)(2)(b). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We must dismiss the appeal if it is legally frivolous.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

*See* 28 U.S.C. § 1915(e)(2)(B).  We may take summary action when no substantial issue is presented on appeal.  *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

To the extent Yarborough seeks restoration of good time credits, a § 1983 complaint is the wrong vehicle.  The only way to obtain such relief in federal court is "by writ of habeas corpus, with the concomitant requirement of exhausting state remedies." *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (cleaned up).

To the extent Yarborough seeks other relief, such as a declaration that the disciplinary action was invalid, it is barred by *Edwards v. Balisok* because his prevailing would "necessarily imply the invalidity of the punishment imposed." *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Accordingly, the District Court correctly dismissed the complaint, and we will summarily affirm.